UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 06-cr-00431-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. RIGOVERTO VALLE-SIERRA,
   a/k/a "Jorge,"
2. JOSE ALFREDO SANCHEZ-GUSMAN,
   a/k/a Jose Alfredo Guzman,
   a/k/a "Macaco,"
3. BOGAR GONZALEZ-ITUARET,
   a/k/a Bogar Gonzalez-Ituarte,
   a/k/a "Hugo,"
   a/k/a Pedro Torres,
4. MARTIN GOMEZ-BERRERA,
   a/k/a Martin Gomez-Barrera,
   a/k/a "Huevo,"
   a/k/a "Huevito,"
   a/k/a Mario Alberto Osuna-Cuen,
5. FERNANDO VALENZUELA-SOTO,
   a/k/a Roberto Martinez-Beltran,
   a/k/a Mario Alberto Ozuna,
   a/k/a Mario Alberto,
   a/k/a "Jaime,"
   a/k/a Jose A. Zasueta,
   a/k/a Juan Al Parra,
   a/k/a Jaime Martinez-Beltran,
   a/k/a "Juan,"
   a/k/a 'Cameleon,"
   a/k/a "Sinola,"
6. HECTOR JESUS ZAMUDIO-TOLOZA,
   a/k/a Hector Jesus Zamudio-Tolosa,
   a/k/a "Tecate,"
7. JOSE QUINTANA,
   a/k/a "Chapo,"
   a/k/a "Chepo,"
   a/k/a 'Chepaneco,"

8.  MICHAEL JAMES OVALLE,
    a/k/a Martin Ybarra-Mendoza,
9.  ISMAEL GARCIA,
10. ELIZABETH MARCHAND,
    a/k/a Elizabeth Rodriguez,
11. **MONICA ESTRADA,**
    a/k/a Beatriz Delgado-Rodriguez,
12. **AGUSTIN MAGANA-BERMEO,**
13. LARRY JOE HERNANDEZ,
14. OMAR VALLE-SIERRA,
    a/k/a Omar Valle,
15. DEBBIE LEE MADRID,
    a/k/a Debbie Madrid,
16. LETICIA MOCTEZUMA,
    a/k/a "Lety,"
17. CHRISTINA FERNANDEZ-MOLINA,
    a/k/a 'Guera,"
18. ROBERT JOSE CERVANTES JR.,
19. ENEAS CAMACHO-DOMINGUEZ,
20. VINCE BENAVIDEZ, and
21. LUIS LUNA,
    a/k/a "Juan,"

    Defendants.

---

# ORDER DENYING SECOND MOTION FOR RECONSIDERATION

---

THIS MATTER comes before the Court on the "Government's Second Motion for Reconsideration [of the Court's Order granting Defendant Agustin Magana-Bermeo's suppression motion] and Request to Submit Additional Authority and to Reopen Matter to ReceI've Additional Government Evidence" **(#615)**, which Mr. Magana-Bermeo opposed in open court on December 10, 2007.  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

## I. Factual Background

On May 29, 2007, Defendant Agustin Magana-Bermeo moved **(#368)** to suppress evidence seized during a traffic stop and vehicle search which took place near Barstow, California. He contended that there was no probable cause to stop the vehicle, and that the officers conducted a constitutionally impermissible "inventory search."[1]

The Government responded **(#434)** that the California Highway Patrol ("CHP") officer properly stopped the vehicle because it was speeding, and that the search of the vehicle was proper in accordance with *Illinois v. Caballes*, 543 U.S. 405 (2005). It proffered that:

> Acting upon the suspicious activities of the driver and passengers, the officer, who apparently was also a canine handler, took the occasion to run his dog over the vehicle. In short order, the dog alerted to the presence of methamphetamine in the trunk. When the trunk was opened the now-famous "Elmo doll" containing four pounds of methamphetamine was found. The use of the dog so soon into the investigatory stop was of course permissible.

The Court held an evidentiary hearing on October 23, 2007.[2] At the hearing, the Government presented testimony from a single witness, CHP Officer Ron Bolon. Officer Bolon's testimony was unrebutted.

---

[1] Mr. Magana-Bermeo's co-defendant, Monica Estrada, filed a motion **(#425)** to suppress evidence seized during the same traffic stop. Such motion was scheduled to be addressed at the same evidentiary hearing as Mr. Magana-Bermeo's motion. Prior to the suppression hearing, the Court denied **(#557)** Ms. Estrada's motion, as moot, when she filed a notice of disposition **(#555)**. Thus, notwithstanding the similarities between the motions filed by Ms. Estrada and Mr. Magana-Bermeo, and the objection **(#641)** Ms. Estrada filed to the instant motion for reconsideration, the Court's suppression ruling was only as to the motion filed by Mr. Magana-Bermeo. Because Ms. Estrada subsequently withdrew her notice of disposition, the Court deems her earlier suppression motion to be reinstated, and will set a hearing on such motion.

[2] The hearing was originally set for August 30, 2007, but was reset at the parties' request **(#468)**. Shortly before the October 23 hearing, the parties requested **(#553)** another continuance to allow for plea negotiations, but the Court denied such request **(#554)**.

The evidence presented at the hearing showed (and the Court found) the following. The CHP was contacted by a referring agency (described in the testimony as an allied agency) which was conducting a narcotics investigation. The referring agency asked the CHP to conduct a traffic stop of an identified vehicle. Officer Bolon located the vehicle, tailed it, and observed that it was speeding and weaving. He stopped the vehicle and, assisted by Officer Adelmann, questioned the vehicle's occupants. Officer Bolon questioned the driver and observed her to be nervous and fidgeting, so he directed her to exit the vehicle, where he conducted a sobriety test. He observed that the driver had dilated pupils and a fast pulse, but she passed the sobriety test. Officer Bolon and/or Officer Adelmann suspected that the driver had been using drugs before driving the vehicle. During questioning, the driver and passengers provided incongruent information to Officer Bolon regarding their names and travel destinations. Based upon the driver's symptoms of drug use, driver's demeanor and inconsistent information from driver and passengers, Officer Bolon directed all of the occupants to exit the vehicle and conducted a canine search of the vehicle. While conducting the search, Officer Bolon allowed the dog to enter the front passenger door of the vehicle. The dog jumped to the back seat and alerted to a vinyl covering near the cargo hatch. After moving the vinyl covering, Officer Bolon determined that the dog had alerted to an Elmo doll, which he or another CHP officer cut open. The doll contained methamphetamine.

There was no evidence that Officer Bolon knew who the referring agency was, only that he thought that it was a narcotics agency. Nor was there evidence that Officer Bolon knew why the referring agency wanted the vehicle to be stopped. Rather, the evidence only showed that the vehicle "may be involved in an ongoing investigation", and he thought that the investigation

"involved narcotics."

Defense counsel argued that there was no probable cause to allow the dog to enter the vehicle. The Government responded that Officer Bolon had probable cause to search the vehicle because the passengers stated that they had different destinations, the driver appeared nervous and would not look at Officer Bolon, Officer Bolon believed based upon his experience and training that the driver had previously consumed drugs, and the vehicle's occupants had provided different, conflicting names.[3] The Government did not refer to any information known to the referring agency that requested the stop.

In an oral ruling at the conclusion of the hearing, the Court granted Mr. Magana-Bermeo's motion to suppress evidence seized during the traffic stop, because the Government did not establish that there was probable cause to search the interior of the vehicle. In considering the circumstances of the encounter, the Court addressed and distinguished several decisions from the Tenth Circuit, including *United States v. Parker*, 72 F.3d 1444 (10th Cir.1995) (in which officers smelled marijuana in the passenger compartment), *United States v. Wald*, 216 F.3d 1222 (10th Cir. 2000) (in which officers smelled burnt methamphetamine in the passenger compartment), and *United States v. Garcia*, 167 Fed. Appx. 737 (10th Cir. 2006) (in which the canine alerted to the car's exterior), because in the instant case, Officer Bolon did not testify that he could smell any controlled substance coming from the vehicle, nor did the canine unit detect any controlled substance prior to the search. The Court then stated:

> The burden of proof with regard to establishing probable

---

[3] The Government also argued that the dog sniff itself provided probable cause to search the vehicle, but withdrew that argument when the Court pointed out that the dog's entry into the vehicle and subsequent alerting to the rear portion of the vehicle was the very search which required probable cause.

5

cause is on the Government. Here the Court finds that the combination of the driver's nervousness, the inconsistency in destination and the inconsistency in names, and the suspicion that the driver might have used drugs is insufficient by itself to constitute probable cause. And the reason is because none of these items tie to the existence of contraband in the vehicle. The driver passed the roadside sobriety test, and the conclusion that was drawn by the officers was that she might have been using drugs; but it's equally likely that she could have dilated pupils or a racing pulse from other substances or due to other conditions.

The inconsistency in the destination as between the driver and the passengers is troublesome, and the inconsistency in the names is indicative of a problem but not nearly as serious the inconsistency in the destination.

The problem here is none of that has been linked to the existence of contraband in the vehicle. What links this to contraband is the prior contact by the referring agency to the California Highway -- California State Patrol or Highway Patrol. And the problem that the Court has with that is we don't know what information was transmitted, only that Officer Bolon and presumably his companion officer in the additional vehicle were instructed to tail this car and to stop it for a traffic violation, if there was one. Indeed, Officer Bolon testified to that: that any reasonable cause -- any probable cause for a search would have to be ascertained after his detention of the vehicle.

Had there been communication that other officers suspected that this vehicle was transporting contraband, the Court's determination might be different; but I don't have that before me; only that this vehicle was a vehicle of interest in some investigation.

And therefore I find that there was insufficient indication, considering the totality of the circumstances, for the officers to have probable cause to allow the dog to search the interior of the vehicle.

Without probable cause, the search is constitutionally infirm and the products of the search must be suppressed.

The Government moved **(#590)** for reconsideration of that ruling. It argued that there

was probable cause to search the vehicle under the collective knowledge doctrine. In specific, it contended that the officer who searched the vehicle had been informed that the Drug Enforcement Administration ("DEA") "had grounds to believe that the vehicle was traveling with contraband", and it asked the Court to consider case law standing for the proposition that if the DEA "had definitive wiretap information that the car in question was carrying contraband, and that information was communicated to the officers conducting the stop, the collective probable cause doctrine justifies the search[.]" In seeking reconsideration, the Government did not order a transcript of the hearing, refer to particular evidence that it believed the Court had failed to consider, nor ask to reopen the hearing to present additional evidence.

Mr. Magana-Bermeo opposed **(#601)** the motion for reconsideration. He asserted that the Government cannot invoke the collective knowledge doctrine because the DEA never communicated any facts to the officer who conducted the search.

This Court denied the motion for reconsideration **(#602)**, acknowledging the Tenth Circuit's approval of the collective knowledge doctrine in *United States v. Cervine*, 347 F.3d 865 (10th Cir. 2003).[4] However, because the Government had not presented any evidence as to the identity of the referring agency or what it knew or suspected, the collective knowledge doctrine could not be applied.

The Government now moves for reconsideration of the suppression ruling for the second time. It requests an opportunity to present additional evidence as to the identity of the referring agency and what the DEA told CHP dispatch about the vehicle when it requested that the vehicle

---

[4] However, the Court noted there may some debate about whether the doctrine applies when the collective knowledge is not actually communicated to the officer who conducts the search. *See United States v. Shareef,* 100 F.3d 1491, 1503-05 (10th Cir. 1996).

be stopped. The Government contends that such evidence would demonstrate probable cause to believe that the vehicle was carrying contraband and that such information, when added to the observations of Officer Bolon, would justify the search of the vehicle.

Mr. Magana-Bermeo opposes the motion. He argues that the Government should not be given another opportunity to present evidence, and that Officer Bolon was not aware of and did not rely upon what the referring agency knew or suspected when he conducted the search of the vehicle. In reply, the Government admits that the decision not to present the evidence that it now seeks to offer was a tactical one. Counsel stated: "Frankly, I was relying on the independent probable cause that the officer had developed on his own when he was on the scene. . . . I had Agent Follett here. I could have put him on the stand [and] in five minutes or less, addressed the [collective knowledge] issue".

## II. Issue Presented

The issue is whether the Court should reopen the suppression hearing to allow the Government to present additional evidence.

## III. Analysis

When the Government inadvertently fails to establish an element of its case at trial and then rests its case, a court may, in its discretion, reopen the evidence. *United States v. Alderete,* 614 F.2d 726, 727 (10th Cir. 1980). The Tenth Circuit has extended this general principle to hearings on suppression motions. *See Bejarano-Ramirez,* 35 Fed. Appx. 740, 2002 WL 819208 *5 (10th Cir. May 1, 2002) (unpublished) (citing *Alderete*). However, if the Government knows of the issues to were presented by a motion to suppress but simply fails to develop its evidence at the hearing on the motion, then a court may properly deny the Government's request to reopen

8

the evidence.  *See id.*

Like the instant case, *Bejarano-Ramirez* involved both a traffic stop and a dog sniff.  The defendant in *Bejarano-Ramirez* challenged the length of his detention.  The district court determined that the 84 minute delay between the initial detention and the arrival of the canine at the scene was not justified.  The government sought to reopen the evidence in order to explain the delayed arrival of the canine unit.  The district court denied the request, because the government knew that the length of the detention was at issue and simply failed to fully develop its evidence.  The Tenth Circuit found no abuse of discretion and affirmed the order granting the defendant's suppression motion.

Here, the Government has known since May 29, 2007, that Mr. Magana-Bermeo was challenging the existence of probable cause to search the vehicle during the traffic stop.  However, in its response and at the evidentiary hearing that occurred nearly five months after the motion was filed, the Government focused only upon the circumstances of the traffic stop itself – the condition of the driver, the statements made by the driver and passengers, the fact that a referring agency wanted the CHP to stop the vehicle that "may be involved in an ongoing investigation", and the alert by the dog.  The Government admits that it was a tactical decision to rely solely upon Officer Bolon's independent determination of probable cause, rather than to offer testimony through another witness, present at the hearing, that the DEA was the referring agency and what the DEA knew about the vehicle.

As in *Bejarano-Ramirez*, the Government simply failed to fully develop its evidence at the suppression hearing.  In this matter, the Government has had adequate notice of the pertinent issues and had an available witness who could have presented the evidence at the suppression

9

hearing. It also previously requested reconsideration of the ruling on the suppression motion without reviewing the record of the hearing in order to determine whether more evidence was required.

To allow the Government to reopen the evidence at this juncture would essentially grant the Government a third bite at the apple after making an unsuccessful tactical decision. It would force Mr. Magana-Bermeo to participate in a second evidentiary hearing after having argued his motion in open court and in two subsequent briefs filed in opposition to the Government's motions to reconsider.[5] Under these circumstances, the Court declines the Government's request to reopen the evidence with regard to suppression motion.

**IT IS THEREFORE ORDERED** that:

(1)  The Government's Second Motion for Reconsideration and Request to Submit Additional Authority and to Reopen Matter to Receive Additional Government Evidence **(#615)** is **DENIED**.

(2)  Ms. Estrada's motion to suppress **(#425)** is **REINSTATED.** No later than **January 11, 2008,** counsel for the Government and Ms. Estrada shall jointly telephone chambers at (303) 335-2289 for purposes of setting an evidentiary hearing on the motion.

Dated this 7th day of January, 2008

**BY THE COURT:**

_Marcia S. Krieger_

---

[5] Had the Government not had a witness available at the first suppression hearing to testify to the evidence it now desires to present, or had it sought to reopen the evidence in its first motion for reconsideration, the outcome might well have been different.

10

Marcia S. Krieger
United States District Judge